To which the tenant replied:

"You don't need to throw me out. Give me my security back and take your house."

The landlord then said:

"I will willingly. Don't go any more to the house, and don't have anything to do with it. You don't collect any more rents from this moment, and come Monday morning with your papers, and I will reckon you up, and I will give your security back."

On the following Monday morning, when the tenant called on the landlord, the latter said that his father had died, that he could not do the reckoning, and he suggested that the tenant go to the landlord's lawyer to fix the matter. The demised premises were a flat house in the possession of subtenants, and on November 30th the following notice was served on these undertenants:

"To the Tenants of 218 East Sixth Street: You are hereby notified not to pay any further rents to Isaac Dunst or his agents until further notice.
          "Yours truly,                                      Max A. Zipser."

The tenant had collected the November rents, and also rents for part of December. The lease was for three years, expiring August 31, 1916.

[1, 2] The tenant's testimony would authorize the jury to find that the landlord agreed to accept a surrender of the lease; but, the unexpired term exceeding one year, the effect of the statute (Real Property Law, § 242), making a writing signed by the tenant essential to the surrender of a lease for more than one year, remains to be considered. This statute does not apply where there is an actual surrender and acceptance. Baldwin v. Cohen, 132 App. Div. 87, 116 N. Y. Supp. 510; Kelly v. Noxon, 64 Hun, 281, 18 N. Y. Supp. 909. I think the undisputed evidence in this case is sufficient to make out a surrender and acceptance by the acts of the parties, not merely an oral agreement to accept a surrender of the premises.

Order reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J., concurs.

---

BEEBE v. SCHENECTADY RY. CO. et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. STREET RAILROADS ☞86—OPERATION—ACTION FOR INJURY—NEGLIGENCE.
    Where a city, with the consent of a street railroad company, contracted for the repair of a street on which its tracks ran, although the company was liable for part of the expense thereof, and the city's contractor, in paving the street, cut it down so that the company's tracks projected above the street level, and so left it when cold weather prevented its completion, and an arc light was maintained by the city near the place, the company was not liable for injuries to plaintiff, who, while crossing its right of way, was injured by falling between the tracks.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 150, 173, 183–185, 187; Dec. Dig. ☞86.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MUNICIPAL CORPORATIONS ⨀⟹821—STREETS—PERSONAL INJURY—LIABILI-
TY OF CONTRACTOR.
    In such action, joining the company and the city's contractor, the ques-
tion whether the contractor, leaving the street in an unsafe condition, was
bound either to fill it in or to place such lights as would give fair warning
of the danger and enable a traveler to safely use the street at that point,
if the light furnished by the city was insufficient, was for the jury.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 1745–1757; Dec. Dig. ⨀⟹821.]

Appeal from Trial Term, Albany County.

Action by Mary A. Beebe against the Schenectady Railway Company
and another. From a judgment dismissing the complaint, as to defend-
ant named, and from an order denying her motion to set aside the ver-
dict and for a new trial, plaintiff appeals. Judgment and order af-
firmed.

See, also, 164 App. Div. 774, 151 N. Y. Supp. 439.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Henry J. Crawford, of Albany, for appellant.
P. C. Dugan, of Albany, for respondent.

SMITH, P. J. This action was originally brought by the plain-
tiff against the Schenectady Railway Company and Thomas H. Karr
to recover damages for negligence, of which the defendants were both
claimed to be guilty, in permitting a torn-up street across defendants'
tracks in a public highway, and which was being repaired under a con-
tract between the city of Watervliet and the said Thomas H. Karr.
Nineteenth street in the city of Watervliet runs east and west. Twelfth
avenue runs north from Nineteenth street. Opposite Twelfth ave-
nue and upon the south of Nineteenth street the tracks of defend-
ants' railway run from a private right of way out upon Nineteenth
street and turn to the right, or toward the east, thereupon. Just south
of the boundary of Nineteenth street the said cars usually stop for pas-
sengers. The city was repaving Nineteenth street. In December,
1912, the street had been cut down about 9 or 10 inches, so that the
rails and part of the ties of the railroad company were projecting
above the level of the surface. This paving was being done upon a
contract between the city and the defendant Karr. By the terms of
the contract the defendant Karr was not allowed to lay asphalt after
the weather became too cold for the proper treatment thereof. About
the middle of November the paving was abandoned for the season by
reason of weather conditions, with this excavation made and not filled
in. There was an arc light suspended above the street upon the
corner of Nineteenth street and Twelfth avenue toward the northwest
corner of said intersection, which it was claimed was not sufficient to
give necessary information to travelers of the condition of the street.

[1] Under the conditions thus stated it seems difficult to find any
ground upon which the defendant can be held guilty of negligence.
The city had the right, at least with the consent of the railroad com-
pany, to contract for the repair of the street, although the railroad

⨀⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

company was liable for part of the expense thereof, which would compensate for the pavement laid between its tracks. This would seem to leave with the city and the contractor all responsibility for any negligence occurring in the laying of the pavement. The only contention here is that this was a stopping point for the cars, and that, having invited the public to get onto the cars at this point, the railroad company was required to give a safe opportunity to enter the car. But the stopping point for cars was evidently south of the line of the street a considerable distance, as shown by the evidence, and also as would appear necessary from the fact that before entering the street the curve of the track began as the track rounded into Nineteenth street. If, therefore, the plaintiff had been nonsuited as to the defendant railroad company, I am of the opinion that the nonsuit would have to be affirmed. But the case was submitted to the jury, and the jury found under the charge of the court, which in our opinion stated the law as favorably to plaintiff as she could well claim, that defendant was not liable for this injury. We see no reason for disturbing the conclusion of the jury, and are of opinion that the judgment in favor of the railroad company and against the plaintiff as based thereupon must stand.

[2] There is apparently some confusion in the minds of the attorneys as to just the situation in which this case has been left by our former decisions herein, and it may be that we are in part responsible for that confusion. While the jury brought in a verdict of no cause of action as to the railroad company, at the same time it brought in a verdict of $3,000 in favor of the plaintiff as against the defendant Karr. This verdict, upon appeal to this court, was set aside. The trial judge had charged the jury that it was for them to say whether it was not the duty of Karr to fill in this excavation so far as it might be necessary to render the street safe. One of the judges was of opinion that that charge was properly made. Two of the judges, however, including the writer of this opinion, were of the opinion that it could not be left to the jury to say simply whether this place should be filled in, providing there was sufficient light to give warning of the danger there and to guide travelers who had occasion to use the street at the point in question. In case of a retrial of the cause of action against Karr, the various opinions of the judges on the argument of the other appeal would seem to authorize the court to submit to the jury whether the defendant Karr, thus leaving this street in an unsafe condition, was not bound either to fill in, or to place such light as should give fair warning of the danger, and as should enable a traveler to safely use the street at the point in question, if the light furnished by the city in the northwest corner of the intersection was not sufficient therefor. The disapproval by this court, which seems to have been made upon the 25th of November, of the finding of fact that the defendant Karr was guilty of negligence, should be construed to be a disapproval of such finding upon the issue as then submitted to the jury.

The judgment and order appealed from should therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.